## Choker v. Peoples Bank of Shamokin

*Myron M. Moskowitz* and *Alvin W. Carpenter*, for plaintiffs.

*Robert V. Moser*, for defendant.

PER CURIAM, October 20, 1958.—This matter comes to our attention on defendant's preliminary objections to plaintiff's complaint in mandamus.

The objections are in the nature of a motion for more specific pleading.

The allegations of the complaint which are material to a consideration of these preliminary objections may be summarized as follows: The four plaintiffs who own 79 shares of common stock of defendant bank aver they were desirous of obtaining a list of the stockholders thereof "for the purpose of merging or selling the bank with another banking institution", and they seek to inspect the corporate books and records so that they might contact other stockholders to ascertain their desires in this respect. A request made to the bank for this examination has been refused and plaintiffs ask this court to direct that they be permitted to examine the list of stockholders and make copies thereof.

In support of its first objection, defendant contends the complaint does not set forth who, if any, of plaintiffs requested the bank to examine the records, whether the request was oral or in writing and when the request was made. The complaint avers the bank upon request refused to furnish plaintiffs with a list of the stockholders. We must assume, as must defendant, who no doubt knows, the request was made by one or all of plaintiffs. While it might have been more formal for the request to have been made in writing, it is a matter of proof how the request was made. When the request was made is unimportant. It was no doubt made prior to the institution of the present action.

The second objection complains plaintiffs do not specify or designate any banking institution which would purchase, consolidate or merge with defendant bank. The Banking Code of May 15, 1933, P. L. 624, art. VI, sec. 610, 7 PS §819—610, provides the voting list of shareholders shall be subject to inspection by any shareholder for any proper purpose at any time during usual business hours. Our courts have uniformly held such a right is not to be exercised to gratify curiosity or for speculative purposes but in good faith and for specific honest purpose: Klein v. Scranton Life Insurance Company, 139 Pa. Superior Ct. 369, 374. So that the real purpose of the stockholders may appear and so that the realm of speculation or curiosity might be eliminated from the general purpose assigned by plaintiffs, we believe the complaint should state specifically what banking institution is interested in the purchase of, or consolidation or merger with, defendant bank.

The third objection is that the complaint does not set forth a proper purpose and is merely speculative and for the purpose of personal gain. This is in reality a defense and not a preliminary objection.

In the fourth objection defendant alleges the complaint does not set forth with sufficient particularity the facts necessary to answer in conformity with the law. We are unable to determine about what facts defendant herein complains and, consequently, find no merit to this objection.

Under the circumstances, we make the following

*Order*

And now, October 20, 1958, the first, third and fourth preliminary objections are dismissed. The second preliminary objection is sustained and plaintiff is directed to file an amended complaint within 20 days from this date in conformity with this opinion.